[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO QUASH SUBPOENA
The petitioner brings this application in equity requesting a bill of discovery pursuant to Conn. Gen. Stat. § 52-156a. It alleges that it "has been advised informally by one or more of the national syndicators that there exist contractual provisions between the respondent and the syndicators as to the Sunday comics, which provisions prohibit the CT Page 1533 distribution of said Sunday comics to other newspapers in the geographical area served by the Respondent newspaper." The petitioner claims that it has requested copies of such contractual provisions from the respondent and the syndicators without success. Based on the inability of the petitioner to obtain the Sunday comics from the national syndicators and based on the contractual provisions between the respondent and said national syndicators which purportedly prohibit the national syndicators from distributing said Sunday comics to the petitioner, the petitioner believes the respondent has engaged in conduct in restrain of trade and commerce and unfair act or practice in the trade or commerce in violation of state statutes.
The petitioner alleges that it expects to be a party to an action alleging such violations and expects the respondent will be an adverse party to such an action. The petitioner claims that it is presently unable to bring such action until it has an opportunity to review the alleged contractual provisions which purportedly prohibit or otherwise restrict the distribution of the Sunday comics. It is for this purpose that the petitioner requests a bill of discovery in order to examine all documents between respondent and the national syndicators regarding the distribution of the Sunday comics and to conduct a deposition of a representative of the respondent's newspaper who has knowledge of said contractual relationship regarding the same.
To this petition the Respondent moved to strike pursuant to P.B. §10-39(a) which motion, after hearing, the court (Rittenband, JTR) denied. Subsequently without any order of the court, the petitioner subpoenaed "Marty Petty, Publisher" of the defendant, duces tecum, to which subpoena the defendant moved to quash. Although Marty Petty is no longer the publisher, the defendant waives this error in the subpoena by substituting a "representative" of the defendant with access to the documents requested and knowledge of any relationship of the defendant with such national syndicators so that the motion may be heard on its merits. Both parties requested time for briefing which has been accomplished.
It appears from the petitioner's brief that it is equating the decision of the court on the motion to strike to the finding necessary by the court under Conn. Gen. Stat. § 52-156a, "this court denied the motion to strike, concluding that the allegations of the complaint would establish sufficient probable cause to warrant the relief sought by the petitioner." The standard set out by the court as to the motion to strike was whether the allegations construed in favor of the petitioner, stated a legally sufficient cause of action. However as the court stated inBerger v. Cuomo, 230 Conn. 1, 7 "the plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause CT Page 1534 to bring a potential cause of action. Obviously facts rather than merely allegations are necessary before the court can make a determination whether or not probable cause would warrant the court in fashioning any bill of discovery. The subpoena duces tecum is premature and the defendant is entitled to have its motion to quash granted.
The motion is therefore granted.
Thomas H. Corrigan Judge Trial Referee